FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2025 JUL 10 AM 11:27
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 8:24-CR-42 |
| DAVID FRANKLIN SLATER, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Susan T. Lehr, United States Attorney, Donald J. Kleine, Assistant United States Attorney, and Emma Dinan Ellenrieder, Trial Attorney, National Security Division, U.S. Department of Justice, and defendant, DAVID FRANKLIN SLATER, and counsel for defendant, Stuart J. Dornan, as follows:

# I
## THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count One of the Indictment. Count One charges a violation of Title 18, United States Code, Section 793(g) (Conspiracy).

In exchange for Defendant's plea of guilty as indicated above, the United States agrees to move to dismiss Counts Two and Three of the Indictment at the time of sentencing.

# II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

The United States and Defendant agree that to convict Defendant of conspiracy to willfully communicate national defense information in violation of 18 U.S.C. § 793(g), the United States would have to prove beyond a reasonable doubt the following elements:

1.  First, a conspiracy, agreement, or understanding was formed, reached, or entered into by two or more persons;

1

2. Second, at some time during the existence or life of the conspiracy, agreement, or understanding, Defendant knew the purpose of the agreement, and, with that knowledge, deliberately joined the conspiracy, agreement, or understanding; and

3. Third, at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed an overt act as charged in the Indictment and did so in order to further or advance the purpose of the agreement.

The United States and Defendant agree that the objects of the conspiracy were to: (1) obtain information related to the national defense; and (2) willfully communicate information relating to the national defense, including for which the communicant had authorized possession and had reason to believe that such information could be used to the injury of the United States or the advantage of a foreign nation, to a person not entitled to receive it.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has discussed fully the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. Defendant was a resident of Nebraska. Defendant was a U.S. Department of the Air Force civilian employee assigned to the United States Strategic Command ("USSTRATCOM") and a holder of a Top Secret//Sensitive Compartmented Information ("TS//SCI") security clearance. Defendant also was a retired Lieutenant Colonel from the U.S. Department of the Army.

2. In connection with his military service, the defendant swore an oath to faithfully discharge his duties assigned to him by USSTRATCOM. As part of his official duties, among other responsibilities, Defendant was required (1) to protect national defense information and classified information; (2) to properly handle, store, and disseminate classified information; and (3) to report suspicious incidents, including attempts by anyone without authorization to receive classified or sensitive information from the U.S. military. As a TS//SCI security clearance holder, Defendant was eligible to access material classified up to the TS//SCI level for which he had a need to know.

3. Beginning in February 2022 and continuing to at least April 2022, in the District of Nebraska and elsewhere, Defendant conspired with an individual claiming to be a

2

female living in Ukraine and using an online dating profile to communicate with Defendant ("Conspirator A") to collect national defense information, including classified information related to Russia's war against Ukraine, and to transmit that information to Conspirator A. In furtherance of that conspiracy, Defendant did, in fact, transmit national defense information to Conspirator A.

4. During the conspiracy, Defendant and Conspirator A regularly communicated over email and through an online messaging platform. During this time, Conspirator A regularly asked Defendant to provide her with sensitive, non-public, closely held, and classified national defense information, to which Defendant had authorized access as a result of his employment with the United States Air Force. Defendant knew and had reason to believe that such information could be used to the injury of the United States or the advantage of a foreign nation. In response to these requests, Defendant indeed provided classified national defense information to Conspirator A, who Defendant knew was not authorized to receive it.

5. In furtherance of the conspiracy, and to accomplish its objects, Defendant and Conspirator A committed lawful and unlawful overt acts, including but not limited to: (i) attending U.S. military briefings regarding Russia's war against Ukraine; (ii) accessing a foreign dating website; and (iii) communicating information relating to the national defense obtained from U.S. military briefings to Conspirator A through messages on the foreign dating website.

6. Acts in furtherance of the conspiracy include:
    a. on or about March 28, 2022, Defendant transmitted national defense information regarding military targets in Russia's war against Ukraine, which was classified at the SECRET level, to Conspirator A; and
    b. on or about April 13, 2022, Defendant transmitted national defense information regarding Russian military capabilities relating to Russia's invasion of Ukraine, which was classified at the SECRET level, to Conspirator A.

7. This statement of facts is provided to assist the court in determining whether a factual basis exists for Defendant's plea of guilty. The statement of facts does not contain

each and every fact known to Defendant and to the United States concerning Defendant's and/or others' involvement in the offense conduct and other matters.

### III
### PENALTIES

A.  COUNT ONE. Defendant understands that the crime to which Defendant is pleading guilty carries the following penalties:

1. A maximum of 10 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count;
4. A term of supervised release of not more than three years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release; and
5. Possible ineligibility for certain federal benefits.

### IV
### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### V
### SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors that the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties jointly will recommend the following Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. The parties agree that Defendant's base offense level is 30, pursuant to U.S.S.G. § 2M3.2(a)(2).

4

  2. The parties agree that Defendant should receive a two offense level increase for abuse of a position of public or private trust use of a special skill, pursuant to U.S.S.G. § 3B1.3.

  3. If Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

  4. If Defendant does not receive any criminal history points and otherwise meets all of the criteria under USSG § 4C1.1, the parties agree that Defendant is eligible to receive a two-level offense level reduction pursuant to U.S.S.G. § 4C1.1.

  B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if Defendant:

    1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
    2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
    3. Fails to appear in court, or
    4. Engages in additional criminal conduct, or
    5. Attempts to withdraw the guilty plea, or
    6. Refuses to abide by any lawful court order, or
    7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree that Defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that Defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that Defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence that Defendant has not accepted responsibility, and the parties agree that no credit for acceptance of responsibility should be given.**

  C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that Defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such

downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.   CRIMINAL HISTORY.

The parties have no agreement concerning Defendant's Criminal History Category, except that if Defendant is determined to be a Career Offender, the parties agree that Defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

F.   RECOMMENDATION REGARDING CUSTODY.

The parties agree that the offense level is 30, pursuant to U.S.S.G. §§ 2M3.2(a)(2), 3B1.3, and 4C1.1 (if applicable) and understand that Defendant may receive a three-point reduction pursuant to U.S.S.G. § 3E1.1 resulting in an offense level of 27 and a guidelines sentencing range of 70-87 months. The parties agree that a sentence within this range would be reasonable and that the United States will recommend that Defendant be sentenced to the low end of this range.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

> (a) A claim of ineffective assistance of counsel; and
>
> (b) A right to file a motion under 18 U.S.C. § 3582(c)(1)(A):
>
> > 1. the general right to file a compassionate release motion;
> > 2. the right to file a second or successive such motion; or

3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If the defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

## VIII
## LIFETIME OBLIGATION TO PROTECT
## CLASSIFIED AND NATIONAL DEFENSE INFORMATION

Defendant acknowledges that, in connection with his employment by the United States Government, he entered into certain agreements proscribing the unauthorized disclosure of protected information, including classified information, intelligence and intelligence-related information, and other information acquired as part of Defendant's performance of his official duties. Defendant acknowledges his continuing duties and obligations under these agreements, and they are hereby incorporated by reference.

Defendant understands and agrees that he has a continuing legal obligation to refrain from the unauthorized oral or written disclosure of classified information, or information relating to the national defense. Defendant understands and agrees that the law forbids him from disclosing, communicating, transmitting, or disseminating any classified information, or information relating to the national defense, without regard to where, when, or how he learned of or came into possession of the classified information or information relating to the national defense. Defendant understands and agrees that merely because classified information, or information relating to the national defense, may have appeared publicly does not render that information unclassified.

## IX
## WAIVER OF DISCOVERY

As part of this plea agreement, and based upon the concessions of the United States in this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, Defendant knowingly, willingly, and voluntarily waives all

8

pending requests for discovery. This waiver, however, shall not apply to any discovery that negates Defendant's guilt or diminishes the degree of Defendant's culpability or Defendant's Offense Level under the U.S. Sentencing Guidelines.

## X
## COLLATERAL CONSEQUENCES

Defendant understands that his conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

Defendant understands the potential consequences of this conviction set forth in 5 U.S.C. § 8312.

## XI
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date that the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) that the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant only may withdraw the guilty plea in the event that the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, the defendant understands that if the court

rejects the plea agreement, whether or not the defendant withdraws the guilty plea, the United States is relieved of any obligation that it had under the agreement, and the defendant shall be subject to prosecution for any federal, state, or local crime(s) that this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## XII
### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## XIII
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
~~SUSAN T. LEHR~~ Lesley Woods
United States Attorney

_____
DONALD J. KLEINE
ASSISTANT U.S. ATTORNEY

July 10, 2025
Date

_____
DAVID F. SLATER
DEFENDANT

10 June 2025
Date

_____
EMMA DINAN ELLENRIEDER
TRIAL ATTORNEY

July 9, 2025
Date

_____
STUART J. DORNAN
COUNSEL FOR DEFENDANT

6-10-25
Date

10